WD/NC Agreed Order (Rev. 9/2021)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 0419 3:12CR00366-001 |
| ) | |
| Preston Ramon Caldwell ) | |
| Defendant ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon Petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Preston Ramon Caldwell, for good cause shown therein, and based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant stipulates and agrees that the government may prove the facts pertaining to the New Law Violations alleged in the Petition by way of the written proffer set forth by the Probation Office in the Petition. That written proffer provides as follows:

**2. NEW LAW VIOLATION (Date violation concluded: 3/16/2021).**

The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 3/16/2021, the defendant sold 7.9 grams of crack cocaine to an undercover Charlotte-Mecklenburg Police Officer. If charged federally, the defendant would be in violation of 21 U.S.C §§ 841(a)(1) & (b)(1)(C). (Grade A Violation)

**3. NEW LAW VIOLATION (Date violation concluded: 4/19/2021).**

The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 4/19/2021, the U.S. Probation

1

Office conducted a warrantless search of the defendant's reported residence and rental vehicle. During the search, the defendant was found in possession of approximately 23 grams of crack cocaine, plastic baggies, a digital scale, and just over $10,000 in U.S. currency. If charged federally, the defendant would be in violation of 21 U.S.C §§ 841(a)(1) & (b)(1)(C). (Grade A Violation)

The defendant does not contest, but does not admit, said facts for the purpose of this supervised release violation proceeding, and the defendant offers no contrary evidence. The defendant further stipulates and agrees that the Court may find facts and make determinations as to guilt or innocence of said New Law Violations based on the written proffer set forth by the Probation Office in the Petition.

With respect to all of the Violations alleged in the Petition except for the New Law Violations, the defendant stipulates and agrees that he did, in fact, violate the conditions of supervised release as alleged. Accordingly, the defendant stipulates and agrees that he has violated the terms and conditions of supervised release in the following respects:

1. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS** (Date violation concluded: 3/2/2021). The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse if directed to do so by the probation officer. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. If warranted, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's

2

participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, the defendant failed to attend his code-a-phone drug tests on the following dates: 2/22/2021 and 3/2/2021. (Grade C Violation)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant has a Criminal History Category of IV and, if the Court finds the defendant guilty of the New Law Violations set forth above, that the defendant's violations are a maximum Grade A.

Based thereon the parties stipulate, pursuant to U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade A violation and a Criminal History Category of IV is a term of imprisonment of 24 months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 24 months on Count 1 of the original judgment.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him related to those alleged violations.

The defendant further acknowledges that he is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

**APPROVED**

_____
Preston Ramon Caldwell
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Supervisory U.S. Probation Officer

_____
Probation Officer

AGREED SENTENCE

Based on the foregoing, the Court finds as fact by a preponderance of the evidence that the Defendant is guilty of the alleged violations of supervised release, including the New Law Violations set forth in the Petition.

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Preston Ramon Caldwell be and is hereby SENTENCED to a term of imprisonment of 24 months on Count One of the Judgment, with no further term of supervision to follow.

So ORDERED and ADJUDGED, this the 14 day of July, 2022

Robert J. Conrad, Jr.
U.S. District Court Judge